## M. E. McCEARLY v. W. H. SWAYZE.

1. FERRY. *Assignment of license.*

A license to keep a ferry may be assigned.

2. SAME. *License to possessor of soil. Assignment thereof; Right of real owner of soil; Section 873, Code 1880.*

Section 873, Code of 1880, provides that a board of supervisors may establish ferries, and that the owner of the soil where a ferry is established

shall have the privilege of keeping such ferry in preference to others, if he will comply with the requirements of the law. In 1879, F., who was the recognized owner and occupant of the adjacent soil, obtained license to keep a certain ferry across H. river for ten years. In 1883, F. assigned her license and boat to S., retaining the right of free ferriage for herself and employees. In 1884, M., as owner, recovered possession of the soil on which the ferry was located, and, with the consent of S., exercised the right of free ferriage for herself and her employees, just as F. had done. In 1887, M. applied for license to keep the ferry. The board of supervisors refused to grant such license. *Held*, that the refusal was proper. M. has no right to a license so long as the ferry is kept under the license to F.

3. SAME. *License to apparent owner of soil. Effect of recovery of soil by real owner.*

After a license to keep a ferry has been granted to the recognized owner and occupant of the adjacent soil, the recovery of possession of the soil by the real owner thereof does not operate to revoke such license.


APPEAL from the Circuit Court of Wilkinson County.

HON. J. B. CHRISMAN, Judge.

One Mrs. Farrar was in possession of and claiming as her own certain land lying on the south bank of the Homochitto river, when in November, 1879, she was granted a license to maintain a ferry across this river for ten years from Jan. 1, 1879. In January, 1880, Mrs. Farrar assigned her license, boat and attachments, to B. F. Swayze, retaining the right of free ferriage for herself and employees. In 1883, Mrs. M. E. McCearly, as owner thereof, recovered, by legal proceedings, from Mrs. Farrar possession of the land on which the ferry was located, and thereafter used the ferry, by consent of Swayze, for herself and employees, free of charge. The ferry boat was kept by B. F. Swayze and his son, W. H. Swayze. In April, 1884, the board of supervisors granted to W. H. Swayze a license to keep this ferry for five years, from May 1, 1884. In 1887, Mrs. McCearly applied to the board of supervisors for a license to keep this ferry, insisting that the grant of license to Swayze in 1884 was void. The application was refused. She appealed to the circuit court. The order of the board was there affirmed. Mrs. McCearly appealed therefrom to this court.

*D. C. Bramlett*, for the appellant.

The order of the Board of Supervisors, in 1884, granting license to Swayze is absolutely void, and was and is no bar to the granting of a license to appellant as asked for. Sec. 873, Code of 1880, giving authority to Boards of Supervisors in such matters, provides that the owner of the soil where the ferry is established shall always have the privilege of keeping such ferry, in preference to any other person, upon compliance with law. The owner's privilege is not restricted to the time of the establishment of the ferry, but shall " always " have this privilege, intimating clearly that wherever there is a change or renewal of the license the privilege must be accorded the owner of keeping the ferry, upon giving bond within a time to be limited by the Supervisors, and upon a failure by the owner to give the bond, the board at their next meeting may license some other person, etc.  This section is the letter—the warrant—of the Board of Supervisors in granting licenses to keep ferries, and its provisions must be rigidly adhered to.  And, unless the grant of the license is in strict conformity with law, it is absolutely void.  Upon this proposition, if authority is needed.  I refer the Court to *Board of Supervisors* v. *Arrighi*, 54 M., p. 668, and *Seal* v. *Donnelly*, 60 M., p. 658.

*C. P. Neilson*, for the appellee.

This license was granted Mrs. Farrar by the Board of Super-visors of Wilkinson County, November, 1879, and was for "ten years from the 1st day of January, 1879." It is not contended that this grant was without authority.  Appellee rests his right to the ferry on this order and the license thereunder which has not yet expired, and which is now owned by the appellee.  For some reason not disclosed by the record, in April, 1884, appellee obtained from the Board of Supervisors a license in his own name for the five remaining years of the license to Mrs. Farrar, which had been transferred to him.  If this be void, it does not affect the right acquired from Mrs. Farrar.

CAMPELL, J., delivered the opinion of the Court.

As Mrs. Farrar, the then recognized owner and occupant o the soil, was licensed to keep the ferry for ten years from the

1st of January, 1879, and she assigned her right and ferry boat, etc., to Swayze, who continued to keep the ferry for years after the appellant had obtained the land from Mrs. Farrar (with the knowledge of appellant, who enjoyed free ferriage by consent of the appellee, as it appears), it was right for the Board of Supervisors to refuse to license the appellant to keep the ferry until the period of ten years from the 1st of January, 1879, expired. The grant of license to the appellee in 1884 may have been void, but the appellant could have no right to a license to keep the ferry so long as it is kept under the license to Mrs. Farrar. It is not true that the subsequent recovery of the land by the appellant operated as a revocation of the license to Mrs. Farrar to keep the ferry. It seems probable that the license granted to the appellee, in 1884, was in recognition of his claim under the license of Mrs. Farrar, and for about the time it had to run.

*Affirmed.*